## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RUBY SLIPPER CAFE, LLC**                **CIVIL ACTION**

**VERSUS**                                **NO:    18-01548**

**CHRISTOPHER BELOU, ET AL.**             **SECTION: "E" (4)**

### ORDER

Before the Court the Plaintiff's **Motion for Leave to Amend Complaint (R. Doc. 76)**. The motion is unopposed. The motion was heard on the briefs.

### I.    Background

This litigation was filed by Ruby Slipper Café, LLC ("Ruby Slipper") against Defendants Christopher Belou ("Belou") and CG Hospitality, LLC ("CBH"). Ruby Slipper alleges: (1) violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) violations of the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431 et seq.; (3) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (4) violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et seq.; (5) breach of contract; (6) bad faith breach of contract; (7) breach of the implied covenant of good faith and fair dealing; (8) unjust enrichment; (9) conversion; (10) breach of the fiduciary duties of loyalty and due care; (11) fraud; and (12) need for injunctive relief. R. Doc. 1.

The instant motion was filed by the Plaintiff seeking leave to amend its complaint. R. Doc. 76. Plaintiff argues that limited discovery has taken place in this case and based on that discovery it seeks to amend the complaint to assist the parties and the Court to better understand the issues. It states that the amended complaint seeks to: (1) further develop the factual allegations; (2) add a claim for the spoliation of evidence; and (3) correct a typographical error.

The Defendants have filed no opposition to the motion.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.*  In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).  When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).  An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

## III.    <u>Analysis</u>

The scheduling order issued by the District Court in this case set a discovery deadline of January 29, 2019, the final pretrial conference is set of March 13, 2019, and trial is set for April 8, 2019. In addition, the District Court stated that all amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than May 21, 2018. R. Doc. 54. The instant

motion to amend was filed on May 21, 2018, and therefore, was timely filed pursuant to the scheduling order and the Court is required to apply the Rule 15(a) analysis to this motion.

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court does not find undue delay, bad faith, or dilatory motive associated with the filing of the instant motion. The Court does not find that the amended complaint will impose any unwarranted burdens on the Court. Further, the Court does not find that the motion is dilatory because it was filed within the deadlines imposed by the District Court and discovery in this matter does not conclude until January 29, 2019. The first factor, therefore, weighs in favor of granting the motion.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

3

A review of the record shows that this is the first time the Plaintiff has sought leave to amend the complaint. There have been no repeated attempts to cure deficiencies. As a result, this factor weighs in favor of granting leave to amend.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The amended complaint seeks to add factual allegations with respect to numerous claims in the original complaint with respect to trade secrets, computer fraud and abuse, fraud, the grounds for injunctive relief, as well as adding a claim for the spoliation of evidence and Plaintiff's entitlement to an adverse inference because of the spoliation. The amended complaint also has six exhibits attached, some of which are new to the amended complaint and referenced throughout the factual allegations.

The Court does not find that the proposed amended complaint fundamentally alters the nature of the case or restructures the case anew. The Plaintiff seeks to add factual allegations to support the

claims that were present in the original complaint and the spoliation of evidence claim is directly related to the discovery regarding the claims in the original complaint. Further, the additional claim and new factual allegations do not require the Court to reopen discovery as it is ongoing until January 29, 2019. The Court does not find that the Defendants would be prejudiced by the amendment of the complaint. As a result, the third factor weighs in favor of granting the motion.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile. The Court does not find that the proposed amendment is facially futile and therefore the fourth factor also weighs in favor of amendment.

After considering the Rule 15(a) factors and finding that they weigh in favor of amendment the Court grants the motion for leave to amend the complaint.

## IV.    <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to Amend Complaint (R. Doc. 76)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk of court shall filed the amended complaint into the record.

New Orleans, Louisiana, this 3<u>rd</u> day of July 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**