UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE RUBY SLIPPER CAFE, LLC**<br>          **Plaintiff**<br><br>v.<br><br>**CHRISTOPHER BELOU and CB HOSPITALITY, LLC**<br>          **Defendants** | CASE NO.: 18-1548<br><br>JUDGE BARRY ASHE<br><br>MAGISTRATE JUDGE KAREN ROBY<br><br>SECTION "M" |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL

Plaintiff The Ruby Slipper Cafe, LLC ("Ruby Slipper" or "Plaintiff") has designated as "Confidential," pursuant to the Court's Protective Order (Rec. Doc. 22), a certain portion of third party Roland Gilfour's deposition transcript that Defendants Christopher Belou ("Belou") and CB Hospitality, LLC ("CBH") (collectively "Defendants") are submitting as an exhibit (Exhibit F) to the Declaration of Stephen M. Kepper in Support of Defendants' Motion To Compel Production (the "Motion"). This excerpt contains testimony regarding comments made by Jennifer Weishaupt and Ms. Weishaupt's brother indicating that Ruby Slipper agreed to early termination of the lease for Ruby Slipper's Cortez Street location because the right of first refusal in the lease threatened to derail the impending sale of the Ruby Slipper business. The transcript excerpt at issue is being submitted to the Court *in camera,* pursuant to LR 5.6(B).

Defendants contend that the designated portions do not meet the standards either for "Confidential" status under the Protective Order or for filing under seal, and has conferred with Plaintiff's counsel in a good faith attempt to have Plaintiff remove the designation. To date, Plaintiff has refused to do so claiming that anything concerning the sale of Ruby Slipper's

business is confidential.  Section 7(b) of the Protective Order thus requires Defendants' to "file a motion to seal the documents in accordance with Local Rule 5.6."  Defendants are filing this Motion to satisfy that requirement.

## ARGUMENT

Underlying the well-established framework for determining whether judicial records can be sealed from public view is the "presumption that all trial proceedings should be subject to scrutiny by the public," which stems from the public's common law right to view records of judicial proceedings.  *United States v. Holy Land Found. For Relief 7 Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  However, the public's common law right to inspect and copy judicial records is not absolute.  *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993).  Instead, district courts retain the discretion to seal judicial records under certain circumstances.  "In exercising its discretion to seal judicial records, the court must  balance the public's common law right of access against the interests favoring nondisclosure." *Id*.

To guide the Court's exercise of discretion, the Fifth Circuit has established three essential inquires that a district court must conduct when deciding whether to seal certain documents. First, the district court must ascertain whether the documents at issue are "judicial records."  *United States v. Sealed Search Warrants*, 868 F.3d 385, 393 (5th Cir. 2017) (explaining that the common law right of access to court records "applies so long as a document is a judicial record"); *id*. at 396 n.4 (characterizing the issue of whether a document is a judicial record as "a gateway question"); *see also United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017) ("The threshold merits question in this case is whether the [document at issue] is a judicial document, as only judicial documents are subject to a presumptive right of

public access, whether on common law or First Amendment grounds."). Second, the court must identify and weigh the precise public interest in the specific judicial records at issue. *Id*. at 395 ("In the Fifth Circuit, the common law right of access to judicial records has consistently been addressed on a case-by-case basis."). Third, the court must identify and weigh the private interests favoring nondisclosure. *Id*. at 396. Once the district court has completed this inquiry, it must weigh the public interest (if any) in viewing the records against the private interests favoring nondisclosure. *Id*.

As noted above, the deposition excerpts at contains testimony regarding comments made by Jennifer Weishaupt and Ms. Weishaupt's brother indicating that Ruby Slipper agreed to early termination of the lease for Ruby Slipper's Cortez Street location because the right of first refusal in the lease threatened to derail the impending sale of the Ruby Slipper business. It is Defendants' position that this excerpt does not satisfy the Fifth Circuit's test for filing under seal. Defendants acknowledge that specific proprietary or financial information involved with the sale might be appropriate for the Confidential designation under the Protective Order and might meet the test for filing under seal. But the information at issue here does not. In fact, it is a matter of public record that the lease was terminated early, that the lease contained a right of first refusal, and that the Ruby Slipper business was sold. Nevertheless, the Protective Order requires Defendants to attempt to file these documents under seal. For that reason only, Defendants are filing this Motion.

## **CONCLUSION**

For the foregoing reasons, as required by the Protective Order, Defendants respectfully request that this Court review the referenced deposition excerpt for filing under seal. Should the

Court determine that filing under seal is not appropriate, Defendants ask that the Court order the deposition excerpt at issue be filed into the public record.

Respectfully submitted,

/s/ Stephen M. Kepper
Gregory D. Latham, LA Bar No. 25955
Stephen M. Kepper, LA Bar No. 34618
Richard T. Sahuc, LA Bar No. 29668
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, LA 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
glatham@iplawconsulting.com
skepper@iplawconsulting.com
rsahuc@iplawconsulting.com

*Attorneys for Defendants Christopher Belou and CB Hospitality, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 24th day of September, 2019, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record and/or have served a copy of the foregoing pleading on all parties to this proceeding through the United States Mail and/or facsimile or e-mail transmission.

/s/ Stephen M. Kepper
Stephen M. Kepper