UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE RUBY SLIPPER CAFE, LLC, | Civil Action No.: 2:18-CV-01548 |
| Plaintiff, | Judge: BARRY ASHE |
| versus | Magistrate: KAREN WELLS ROBY |
| CHRISTOPHER BELOU and CB HOSPITALITY, LLC, | |
| Defendants. | |

### MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Plaintiff The Ruby Slipper Café, LLC ("Ruby Slipper") respectfully requests that this Court enter an Order directing that Exhibit C to Plaintiff's Opposition to Defendants' Motion to Compel be maintained under seal indefinitely. This Exhibit contains portions of the transcript from the deposition of former Ruby Slipper Operations Manager Roland Gilfour. The portion of this testimony that Ruby Slipper seeks to maintain under seal was designated "confidential" pursuant to this Court's Protective Order and contains a detailed discussion of Ruby Slipper's confidential internal business discussions. As discussed in further detail below, the public has no interest in viewing this irrelevant testimony, and Ruby Slipper's interest in maintaining the confidentiality of its sensitive internal business discussions is high.

### LEGAL STANDARD

The public's right to inspect and copy judicial records is not absolute. *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). Instead, district courts retain the discretion to seal judicial records under appropriate circumstances. "In exercising its discretion to seal

judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.*

To guide the Court's exercise of discretion, the Fifth Circuit has established three essential inquires that a district court must conduct when deciding whether to seal certain documents. First, the district court must ascertain whether the documents at issue are "judicial records." *United States v. Sealed Search Warrants*, 868 F.3d 385, 393 (5th Cir. 2017). Second, the court must identify and weigh the precise public interest in the specific judicial records at issue. *Id*. at 395 ("In the Fifth Circuit, the common law right of access to judicial records has consistently been addressed on a case-by-case basis"). Third, the court must identify and weigh the private interests favoring nondisclosure. *Id*. at 396. Once the district court has completed these three essential inquires, it must weigh the public interest (if any) in viewing the records against the private interests favoring nondisclosure. *Id.*

## LAW AND ANALYSIS

As the Fifth Circuit has long emphasized, the district court's discretion to seal judicial records must "be exercised in light of the relevant facts and circumstances of the particular case." *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981). Access to court files can be denied "where court files might . . . become a vehicle for improper purposes." *Id.* In particular, courts routinely find sealing warranted to protect the proprietary business information of a party from the eyes of prying competitors. *See, e.g., Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2014 WL 12599343, at *1 (S.D. Tex. May 14, 2014) (ordering exhibits sealed because they "at least arguably refer to proprietary information."); *ThermoTek, Inc. v. WMI Enterprises*, LLC, No. 3:10-CV-2618-D, 2011 WL 1485421, at *9 (N.D. Tex. Apr. 19, 2011);

- 2 -

- 3 -

*Shell Expl. & Prod. Co. v. Robinson*, No. 01-1417, 2001 WL 1490954, at *1 (E.D. La. Nov. 20, 2001).

The public has no interest in the confidential internal business discussions of Ruby Slipper, a private held company, while Ruby Slipper's interest in maintaining their confidently is high.  Indeed, protecting its confidential information was one of Ruby Slipper's chief motivations in bringing this lawsuit, as Defendants have used their knowledge of Ruby Slipper's confidential information, including internal business discussions, in furtherance of their own interests.  As explained at length in Ruby Slipper's Opposition to Defendants' Motion to Compel, Mr. Gilfour's testimony has no relevance whatsoever to this litigation; accordingly, the public has no interest in Mr. Gilfour's testimony.  What is important from the public's perspective is the fact that Defendants misappropriated and continue to use Ruby Slipper's confidential information.  The public does not need to review irrelevant testimony of a third party witness concerning Ruby Slipper's acquisition to grasp the import of these proceedings.

## CONCLUSION

For the foregoing reasons, Ruby Slipper respectfully requests that the Court enter an order directing that Exhibit C to Plaintiff's Opposition to Defendants' Motion to Seal be maintained under seal indefinitely.

Respectfully submitted,

/s/ *David L. Patron*
David L. Patrón (La. Bar #22566)
Lindsay Calhoun (La. Bar #35070)
James H. Gilbert (La. Bar #36468)
Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130
(504) 566-1311
david.patron@phelps.com
lindsay.calhoun@phelps.com
james.gilbert@phelps.com

Steven L. Manchel (*pro hac vice*)
Brian H. Lamkin (*pro hac vice*)
Manchel & Brennan, P.C.
100 River Ridge Drive, Suite 308
Norwood, MA 02062
(617) 796-8920
smanchel@manchelbrennan.com
blamkin@manchelbrennan.com

*Attorneys for The Ruby Slipper Café, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of October, 2019, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record and/or have served a copy of the foregoing pleading on all parties to this proceeding through the United States Mail and/or facsimile or e-mail transmission.

*/s/ David L. Patrón*