UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE RUBY SLIPPER CAFE, LLC**<br><br>**Plaintiff**<br><br>v.<br><br>**CHRISTOPHER BELOU and CB HOSPITALITY, LLC**<br>**Defendants** | CASE NO.: 2:18-CV-01548<br><br>JUDGE SUSIE MORGAN<br><br>MAGISTRATE JUDGE KAREN ROBY<br><br>SECTION "E" (4) |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Defendants Christopher Belou ("Belou") and CB Hospitality, LLC ("CBH") (collectively "Defendants"), respond to Plaintiff, The Ruby Slipper Cafe, LLC's ("Ruby Slipper" or "Plaintiff") Second Set of Interrogatories.

### GENERAL OBJECTIONS

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Belou and CBH make the following general responses and objections ("General Objections") to each Interrogatory propounded in Plaintiffs' Second Set of Interrogatories (the "Interrogatories"). These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to Interrogatories does not waive any of Belou and CBH's General Objections.

1. Belou and CBH object to each Interrogatory to the extent the Interrogatory is vague, ambiguous, overbroad, or unduly burdensome, or purport to impose upon Belou and CBH any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure or any other applicable rule.

EXHIBIT C

2. Belou and CBH object to each Interrogatory to the extent the Interrogatory purports to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

3. Belou and CBH object to each Interrogatory as overbroad and unduly burdensome to the extent that it calls for information that is neither relevant to this proceeding, the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

4. Belou and CBH object to each Interrogatory to the extent that it would impose a duty on Belou and CBH to undertake a search for or an evaluation of information, documents, or things for which Plaintiff is equally able to search for and evaluate. In particular, Belou and CBH object to each Interrogatory to the extent that it seeks information or documents that are publicly available or in Plaintiff's possession, custody, and control.

5. Belou and CBH object to the Interrogatories to the extent they seek information that is not in the possession, custody, or control of Belou and CBH.

6. Belou and CBH object to the Interrogatories to the extent they would require Belou and CBH to draw a legal conclusion or contention to make a proper response.

7. Belou and CBH object to any Interrogatory to the extent that it purports to require identification of oral communications. Such requests are overbroad, vague, ambiguous and unduly burdensome.

8. Belou and CBH object to the Interrogatories to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense in this proceeding.

9. Belou and CBH object to each Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or discovery immunity.

10. Belou and CBH provide these objections and responses to the best of their current knowledge. Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses. Belou and CBH reserve the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Belou and CBH have not presently identified.

11. Belou and CBH's objections as set forth herein are made without prejudice to Belou and CBH's rights to assert any additional or supplemental objections pursuant to Rule 26(e).

12. Belou and CBH will make, and have made, reasonable efforts to respond to Plaintiff's Interrogatories, to the extent that no objection is made, as Belou and CBH reasonably understand and interpret each Interrogatory. If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from the interpretation of Belou and CBH, then Belou and CBH reserve the right to supplement and amend their objections and responses.

Subject to the above objections, and without waiving the same, Belou and CBH now answer and specifically object to the numbered Interrogatories.

**INTERROGATORY NO. 4**

Identify each Person who has personal knowledge of facts Concerning Your claims or defenses in this Action, and as to each such Person, describe the substance of the knowledge that such Person possesses.

**RESPONSE:** Defendants object to this interrogatory on the basis that it is premature, overly broad, unduly burdensome, and seeks information that is not relevant to any claim or defense. As written, the interrogatory requires Mr. Belou to identify "all" persons who have any knowledge regarding the underlying facts of Defendants' claims or defenses. Subject to and without waiving the foregoing objections, Defendants believe the following may have personal knowledge of facts supporting Defendants' claims or defenses:

1. Christopher Belou
2. Romney and Charlie Richard
3. Erich Weishaupt

Defendants reserve the right to supplement this response.

### INTERROGATORY NO. 5

Identify all employees at the New Restaurant who are or were employees of Ruby Slipper, including the position and dates of employment of each such employee.

### RESPONSE:

1. Andray Glass; Cook; 6/5/2018 to present
2. Michelle Castelin; Server; 6/10/2018 to present
3. Anthony Jone; Cook; 7/2/2018 to present

### INTERROGATORY NO. 6

Identify all Persons with whom You have had Communications, from September 1, 2017 to the present, Concerning actually or potentially providing goods or services for the New Restaurant (including but not limited to the construction and operation thereof) and, for each Person Identified, state the date(s) and describe the substance of Your Communications.

**RESPONSE:**

# ATTORNEYS' EYES ONLY

# ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 7**

Identify the "independent information technology professional" referenced in paragraph 10 of the Belou Declaration, and describe in detail the services provided by that Person.

**RESPONSE:**

Daniel Andrews, 323 N Lott Blvd Gibson City, IL 60936.

**INTERROGATORY NO. 8**

Identify all of Your email addresses.

**RESPONSE:**

cbelou1@gmail.com and chefbelou@yahoo.com

**INTERROGATORY NO. 9**

Identify all desktop computers, laptop computers, tablets, smartphones, and external storage devices owned or leased by You.

**RESPONSE:**

Defendants object to this request as overly broad, unduly burdensome, and on the basis that it seeks information that is not relevant to any claim in defense; the request is not limited in time or scope. Subject to and without waiving the foregoing, Defendants currently own the following: HP desktop, Apple Iphone 5, and two external flash drives.

**INTERROGATORY NO. 10**

Identify all cloud-based storage or backup systems used by You, including but not limited to services such as, for example and without limitation, Dropbox, OneDrive, iCloud, and Carbonite.

**RESPONSE:**

Defendants do not use any cloud-based storage or backup systems other than the devices identified in response to interrogatory no. 9.

**INTERROGATORY NO. 11**

Itemize all elements of damages (including but not limited to attorneys' fees) that You are claiming against Ruby Slipper in the Action, and for each such element: state the amount of damages You are claiming; state the manner in which You calculated the damages; and State the Basis for Your contention that You are entitled to that element of damages.

**RESPONSE:**

Defendants seek an award of reasonable attorney's fees pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836 and the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, et seq., for having to defend against Plaintiff's bad faith trade secret claims.

**INTERROGATORY NO. 12**

If You have ever been convicted of a crime (other than a minor traffic violation), for each such conviction state the dates of arrest, arraignment, indictment, conviction, and incarceration; the court that convicted You; the charges on which You were convicted; and the docket number of the proceedings.

**RESPONSE:**

Mr. Belou has never been convicted of a crime.

**INTERROGATORY NO. 13**

If You have ever been a party in any civil action or administrative proceeding other than the Action, state the title and docket number of the action or proceeding, identify the court or

agency in which the action or proceeding was brought, describe the nature of the action or proceeding, and state the outcome of the action or proceeding.

**RESPONSE:**

Defendants have not been a party to any other civil action or administrative proceeding other than this lawsuit.

**INTERROGATORY NO. 14**

State the Basis for Your assertion, in paragraph 21 of the Answer, that, "[Ruby Slipper] became a resounding success due to Belou's efforts and management."

**RESPONSE:**

Mr. Belou's contributions to Ruby Slipper are numerous. For example, Mr. Belou served as a consultant and general manager for Ruby Slipper and played a critical role in the success of Ruby Slipper's first restaurant located at the Cortez street location. As set forth in Ruby Slipper's Amended Complaint, Mr. Belou was Ruby Slipper's "expert" when it came to siting and opening new restaurant locations.

**INTERROGATORY NO. 15**

State the Basis for Your assertion, in paragraphs 39 and 40 of the Answer, that, "Belou had access to some information that might be considered confidential," including but not limited to a description of all "information that might be considered confidential."

**RESPONSE:**

Defendants object to this interrogatory on the basis that it requires Defendants to opine on a legal matter as to what is considered "confidential information." Nonetheless, for example, when Defendants drafted their Answer, Mr. Belou recalled regularly receiving email

correspondence in the ordinary course of his employment, along with several other managers and employees of Ruby Slipper, that included Ruby Slipper's financial records.

**INTERROGATORY NO. 16:**

State the Basis for Your contention, in paragraph 12 of the Counterclaim, that, "Ruby Slipper knows that its trade secret claims against Belou and CBH are unfounded and without merit[.]"

**RESPONSE:**

Defendants object to this request as premature as discovery is ongoing. Subject to and without waiving the foregoing, Defendants refer Ruby Slipper to the arguments, facts, and evidence set forth in Defendants' motion for summary judgment.

**INTERROGATORY NO. 17**

State the Basis for Your contention, in paragraph 13 of the Counterclaim, that, "Ruby Slipper's claims that Belou and CBH misappropriated trade [sic] secret have been made in bad faith, solely for the purpose of stifling legitimate competition from Belou and CBH".

**RESPONSE:**

Defendants object to this request as premature as discovery is ongoing. Subject to and without waiving the foregoing, Defendants refer Ruby Slipper to the arguments, facts, and evidence set forth in Defendants' motion for summary judgment.

Dated: July 15, 2018.

        Respectfully submitted,

        /s/ Stephen Kepper
        Gregory D. Latham, LA Bar No. 25955
        Stephen M. Kepper, LA Bar No. 34618
        INTELLECTUAL PROPERTY CONSULTING, LLC
        334 Carondelet Street, Suite B
        New Orleans, LA 70130

Telephone: (504) 322-7166
Facsimile: (504) 322-7184
glatham@iplawconsulting.com
skepper@iplawconsulting.com

*Attorneys for Defendants Christopher Belou and CB Hospitality, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2018, I caused a true and accurate copy of the foregoing document entitled, DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, to be served via electronic mail on all counsel of record.

/s/ Stephen Kepper
Stephen M. Kepper